UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY J. THUMAN,

                Plaintiff,

    v.

TIMOTHY S. DEMBSKI,
SCOTT M. STEPHAN,
PRESTIGE WEALTH MANAGEMENT FUND, LP,
PRESTIGE WEALTH MANAGEMENT, LLC,
MID-ATLANTIC CAPITAL CORPORATION,
RELIANCE FINANCIAL ADVISORS, LLC,

                Defendants.
_____

**DECISION
and
ORDER**

13-CV-01087A(F)

APPEARANCES:      WEBSTER SZANYI, LLP
                            Attorneys for Plaintiff
                            THOMAS S. LANE,
                            MICHAEL P. McCLAREN,
                            D. CHARLES ROBERTS, JR., and
                            KEVIN GEORGE COPE, of Counsel
                            1400 Liberty Building
                            Buffalo, New York  14202

                            LIPPES MATHIAS WEXLER FRIEDMAN LLP
                            Attorneys for Defendant Dembski
                            DENNIS C. VACCO, and
                            ERIC MICHAEL SOEHNLEIN, of Counsel
                            50 Fountain Plaza
                            Suite 1700
                            Buffalo, New York  14202

                            K&L GATES, LLP
                            Attorneys for Defendant Mid-Atlantic Capital Corp.
                            ERIC R.I. COTTLE, of Counsel
                            389 Lexington Avenue
                            New York, New York  10022
                                    and
                            JAMES P. ANGELO, of Counsel
                            210 Sixth Avenue
                            Pittsburgh, Pennsylvania  15222

In this investment fraud case, in a Decision and Order dated April 22, 2022 (Dkt. 142) ("the April 22, 2022 D&O" or the "D&O"), the court granted Plaintiff's motion to compel production of documents (Dkt. 129), including Defendant's communications with Defendant Scott M. Stephan ("Stephan"), non-party Walter J. Grenda, Jr. ("Grenda"), with regard to Defendants' Prestige Wealth Management Fund, LLP, a hedge fund created by Defendants Dembski and Stephan, and Grenda, for which Demski solicited Plaintiff's investment which was subsequently lost by Defendants' operation of the Fund. Judge Arcara had granted Plaintiff partial summary judgment on May 10, 2021 (Dkt. 108) on the issue of Defendant's liability leaving the question of Plaintiff's damages, including potential punitive damages, for further discovery. Defendant Reliance Financial Advisors, LLC ("Reliance") was dismissed from the action for Plaintiff's failure to prosecute. Dkt. 141. Before the court are Plaintiff's and Defendant's submissions, Dkts. 149, 149-1, 150, 150-1, 154-1, 154-2, in response to the Order to Show Cause ("OTSC") why sanctions pursuant to Fed.R.Civ.P. 37(a)(5)(A) ("Rule 37(a)(5)(A)") should not be imposed on Defendant.

Based on Defendant's declarations and the availability, as Defendant stated, of responsive documents in the possession of Reliance, the D&O found that Defendant continued to have, since the relevant time-frame, 2012-2013, based in part on Defendant's apparent continued part-ownership of Reliance and providing Defendant a right of access to the Reliance records held by Reliance's counsel, the practicable ability to obtain access to the records. D&O at 18. In the D&O, the court noted the absence of any dispute by Defendant to the court's conclusion that Defendant was and

2

has remained a co-owner of Reliance.  *Id.*  However, in later submissions by Defendant in response to the OTSC it now appears that this finding was not well-founded and that, although Defendant's prior submissions failed to clarify that, in fact, Defendant lacked such ownership and has been, since Defendant terminated his relationship with Reliance in 2013, barred from access to the Reliance records by Grenda.  *See* Dkt. 154-1 ¶¶ 8, 9; Dkt. 154-2 ¶¶. 5, 6.  At a status conference with counsel to the parties conducted June 16, 2022 (Dkt. 164), the court was informed that Grenda and Reliance's counsel had not responded to Defendant's Rule 45 subpoena for the records, and that responsive documents were likely in counsel's control and possession in digital form amenable to word search.  Accordingly, it is now apparent that contrary to the court's finding in the April 22, 2022 D&O, the court relied on misinformation regarding the basis for its finding Defendant had a right to access the Reliance records and thus the practicable ability to obtain such access to search for and produce documents responsive to Plaintiff's requests.  The court therefore finds, despite Defendant's failure to make clear to the court Defendant's lack of Reliance ownership, that Defendant's failure to produce the documents as the D&O directed was substantially justified and, as such, sanctions pursuant to Fed.R.Civ.P. 37(a)(5)(A) should not, in the circumstances presented on this record, be awarded as to do so would sanction Defendant for failure to seek the extant records which are beyond his control.

## CONCLUSION

Based on the foregoing, the court finds no sanctions, including Plaintiff's expenses incurred on the Plaintiff's motion to compel, will be awarded.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  June 29, 2022
    Buffalo, New York