UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY J. THUMAN,

                 Plaintiff,

v.

TIMOTHY S. DEMBSKI,
SCOTT M. STEPHAN,
PRESTIGE WEALTH MANAGEMENT FUND, LP,
PRESTIGE WEALTH MANAGEMENT, LLC,
MID-ATLANTIC CAPITAL CORPORATION,
RELIANCE FINANCIAL ADVISORS, LLC,

                 Defendants.
_____

**DECISION
and
ORDER

13-CV-01087A(F)**

APPEARANCES:      WEBSTER SZANYI, LLP
                          Attorneys for Plaintiff
                          THOMAS S. LANE,
                          MICHAEL P. McCLAREN,
                          D. CHARLES ROBERTS, JR., and
                          KEVIN GEORGE COPE, of Counsel
                          1400 Liberty Building
                          Buffalo, New York  14202

                          LIPPES MATHIAS WEXLER FRIEDMAN LLP
                          Attorneys for Defendant Dembski
                          DENNIS C. VACCO, and
                          ERIC MICHAEL SOEHNLEIN, of Counsel
                          50 Fountain Plaza
                          Suite 1700
                          Buffalo, New York  14202

                          K&L GATES, LLP
                          Attorneys for Defendant Mid-Atlantic Capital Corp.
                          ERIC R.I. COTTLE, of Counsel
                          389 Lexington Avenue
                          New York, New York  10022
                                and
                          JAMES P. ANGELO, of Counsel
                          210 Sixth Avenue
                          Pittsburgh, Pennsylvania  15222

In this securities fraud case, by papers filed August 15, 2022, Defendant Dembski moves, pursuant to Fed.R.Civ.P. 37[1] and 45(d)(2)(B)(i), for an order compelling compliance with a subpoena *duces tecum* pursuant to Fed.R.Civ.P. 45(a)(1)(A) ("Rule 45(_)") seeking production, relating to Plaintiff's fraud claims against Dembski, of records in the custody, control or possession of Reliance Financial Advisors, LLC ("Reliance") and one Walter Grenda, a principal of Reliance ("Grenda"),[2] (Dkt. 169-2 at 2) ("the subpoena"). The subpoena was served on Reliance and Grenda's attorney, Joseph G. Makowski ("Makowski") by e-mail as agreed to by Makowski. *See* Dkt. 169-2 at 4. No objections to the subpoena were timely served by either Reliance or Grenda as required by Fed.R.Civ.P. 45(d)(2)(B). Defendant's motion was also served on Makowski on August 15, 2022. *See* Dkt. 169-3 at 1. According to the Scheduling Order for the motion, responses to the motion were due by September 6, 2022; replies were due September 16, 2022. Dkt. 170. To date, no responses to the Defendant's motion have been filed nor is there any indication of compliance with the subpoena. The Fifth Amended Scheduling Order in the case requires discovery to be completed by October 31, 2022 (Dkt. 173).

It is well established that a party may move pursuant to Rule 45(d)(2)(B) to compel against a non-party which fails to respond to a properly served non-party subpoena, *see In Re John Adams Assocs., Inc.,* 255 F.R.D. 7, 7 (D.D.C. 2008); *see*

---

[1] Defendant's motion references Fed.R.Civ.P. 31 which the court assumes is a typographical error as Rule 31 is inapplicable to the motion.
[2] Reliance was previously a party to this action until it was dismissed, by order of Judge Arcara on March 30, 2022, as a party based on Plaintiff's failure to prosecute. *See* Dkt. 141. Grenda has not been a party to the instant action.

*also United States ex rel. Ortiz v. Mount Sinai Hospital*, 169 F.Supp.3d 358, (S.D.N.Y. 2016) (district court had authority to compel non-party to comply with subpoena seeking production of defendant's information where plaintiff made motion in court in district where compliance with subpoena was sought); *see also* Baicker-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (2021 Thomson Reuters) at 1165 (even in the absence of objections, Rule 37(a) is a proper basis to compel compliance with a subpoena), and courts may find that the defaulting non-party concedes the merits of a motion to compel such non-party's compliance.  See, c.f., Lennon v. Allegiance Accounting Services, LLC, 2020 WL 13441772, at * 1 (W.D.N.Y. Oct. 20, 2020 ("a defendant's unexcused failure to respond to a motion to compel permits the court to deem the merits of the motion to be conceded.").   Based on the record, both Reliance and Grenda have both failed to comply with the Defendant's subpoena, and have also failed to respond to the instant motion.  Accordingly, the court finds that the subpoena seeks relevant information as permitted by Fed.R.Civ.P. 26(b)(1) and is not burdensome.  See Fed.R.Civ.P. 45(d)(1) (party issuing Rule 45 subpoena required to minimize burden of production to non-party) and, as such, Defendant's motion should be GRANTED.

## CONCLUSION

Based on the foregoing, Defendant's motion (Dkt. 169) is GRANTED.  Reliance and Grenda shall comply with Defendant's subpoena <u>within</u> <u>30</u> <u>days</u> of this Decision and Order.  *The non-parties are reminded that failure to comply with this Decision and Order may result in a finding of contempt of court pursuant to Fed.R.Civ.P. 45(g).* SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  September 29th, 2022
        Buffalo, New York