UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY J. THUMAN,

                             Plaintiff,
      v.

TIMOTHY S. DEMBSKI,
SCOTT M. STEPHAN,
PRESTIGE WEALTH MANAGEMENT FUND, LP,
PRESTIGE WEALTH MANAGEMENT, LLC,
MID-ATLANTIC CAPITAL CORPORATION,
RELIANCE FINANCIAL ADVISORS, LLC,

                             Defendants.
_____

**DECISION
and
ORDER**

**13-CV-01087A(F)**

APPEARANCES:      WEBSTER SZANYI, LLP
                            Attorneys for Plaintiff
                            KEVIN GEORGE COPE,
                            THOMAS S. LANE,
                            MICHAEL P. McCLAREN, and
                            VINCENT T. PARLATO, of Counsel
                            1400 Liberty Building
                            Buffalo, New York  14202

                            LIPPES MATHIAS WEXLER FRIEDMAN LLP
                            Attorneys for Defendant Dembski
                            DENNIS C. VACCO, and
                            ERIC MICHAEL SOEHNLEIN, of Counsel
                            50 Fountain Plaza
                            Suite 1700
                            Buffalo, New York  14202


     In this stock fraud case, by papers filed November 29, 2022, Plaintiff moves, pursuant to Fed.R.Civ.P. 37(a)(1) for an order compelling one Gregory Grenda ("Grenda" or "Gregory Grenda"), a non-party, to comply with a subpoena *duces tecum* served on October 10, 2022, issued pursuant to Fed.R.Civ.P. 45(a)(1)(A) ("a Rule 45 subpoena"), by Plaintiff on October 10, 2022 seeking 24 categories of documents

relating to Plaintiff's claims in this action ("the Subpoena") (Dkt. 178), and "a conditional order of contempt should Grenda fail to comply with this court's order." Dkt. 182-1, ¶ 19 ("Plaintiff's Motion"). Previously, on May 4, 2022, Defendant Timothy S. Dembski ("Dembski") served a subpoena *duces tecum* on Joseph G. Makowski ("Makowski"), an attorney for Defendant Reliance Financial Advisors LLC ("Reliance") and non-party Walter Grenda, who is the father of Gregory Grenda, seeking documents similar to those responsive to the Plaintiff's Subpoena based on Makowski's agreement to accept service. *See* Dkt. 182-1 ¶¶ 4, 5. Subsequently, Makowski informed Defendant Dembski's attorney that he did not represent Walter Grenda. Dkt. 182-1 ¶ 6. Thereafter, Makowski advised Plaintiff's attorney that Gregory Grenda, who manages the business Grenda Group, LLC ("Grenda Group"), an investment advisory firm and successor to Defendant Reliance, had attempted to locate documents responsive to Dembski's subpoena. Dkt. 182-1 ¶¶ 9-10. On October 3, 2022, Makowski informed Plaintiff's counsel that he represented Grenda and would accept service of the Subpoena on behalf of Grenda. Dkt. 182-1 ¶ 12. Plaintiff received no response to the Subpoena by the October 24, 2022 return date, which had been served on Makowski. Dkt. 182-1 §§ 14, 16.

On December 14, 2022, Makowski filed on behalf of Grenda Group, LLC, and Gregory Grenda a declaration in opposition to Plaintiff's motion. Dkt. 184. In his opposition, Makowski avers that he agreed to accept service of the Subpoena on behalf of Grenda and had requested Grenda review Grenda Group's business records to determine whether they contained Reliance or Dembski files "concerning" Plaintiff. Dkt.

2

184 ¶¶ 13, 14.  According to Makowski, Grenda advised him that no such records have been located.  Dkt. 184 ¶ 14.

In Plaintiff's Reply, filed December 21, 2022 (Dkt. 185), Plaintiff asserts that the Subpoena seeks documents on a broader basis than that reported by Grenda, Dkt. 185 ¶ 18, and that Dembski had averred on March 4, 2022, that the records, including "client materials . . . [such as] communications and account notes," Plaintiff seeks "remain at Reliance," following his departure in 2013.  Dkt. 185 ¶ 9 (referencing Dkt. 134-3 ¶¶ 3, 4).  Oral argument was deemed unnecessary.

At the outset, the court *sua sponte* considers whether it has personal jurisdiction over Gregory Grenda, as a non-party, based on Makowski's agreement to accept service of the Subpoena, in lieu of Plaintiff's compliance with Fed.R.Civ.P. 45(b)(1)'s requirements for service of a Rule 45 subpoena, in the absence of any indication by Grenda of Makowski's authority to do so.  See *Macon v. Correctional Medical Care, Inc.*, 2015 WL 4604018, at * 2 (W.D.N.Y. July 30, 2015) (citing *Gothberg v. Town of Plainville*, 305 F.R.D. 28, 31 (D.Conn. 2015).  "'[S]ervice of process on an attorney not authorized to accept service for his client is ineffective.'"  *Id*. (quoting *Santos v. State Farm Fire & Cas. Co*., 902 F.2d 1092, 1094 (2d Cir. 1990)).  See *Williams-Steele v. TransUnion*, 642 Fed.Appx. 72, 72 (2d Cir. Mar. 16, 2016) (same).  Here, in contrast to Makowski's representations, nothing in the record authored by Grenda himself, indicates Makowski had been authorized by Grenda to accept service of the Subpoena in lieu of service in accordance with Rule 45(b)(1).  "[A]n attorney's claim that he is authorized to receive process is not by itself sufficient; there must be some evidence that the client intended to grant such authority."  *Macon*, 2015 WL 4604018, at * 3

3

(quoting *Jing v. Angel Tips, Inc.*, 2013 WL 950585, *3 n. 1 (E.D.N.Y. Mar. 11, 2013). *See also Dorrough v. Harbor Securities, LLC*, 2002 WL 1467745, at * 4 n. 6 (E.D.N.Y. May 10, 2002) ("[a]n agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal." (internal quotation omitted)).  In the instant case, the record is devoid of any written statement by either Makowski or Grenda establishing Grenda authorized Makowski to accept service of any legal process, including service of the Subpoena, on Grenda's behalf.  *See Macon*, 2015 WL 4604018, at * 3 (noting that the estate's executor did not "expressly or impliedly authorize[ ] (the attorney) to accept service of process").

Here, as noted, although Makowski avers Grenda has, at Makowski's request, attempted compliance with the Subpoena, without some evidence from Grenda confirming such fact, the court finds Makowski's representations to be insufficient evidence of Grenda's prior authorization to Makowski to accept service of the Subpoena.  In fact, a careful reading of Makowski's Declaration fails to indicate that Grenda was even made aware of the Subpoena.  *See* Dkt. 184 (*passim*).  The need for strict compliance with the applicable legal requirements for finding an attorney had received authority to accept service of a Rule 45 subpoena is apparent in this case given Plaintiff's alternate request for a finding of contempt against Grenda for failure to comply with the Subpoena.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 182) is DENIED.  A copy of this Decision and Order will be mailed to Mr. Makowski at 448 Delaware Avenue, Buffalo, New York 14202-1548.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:  January 24, 2023
            Buffalo, New York